IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES E. WHITE, | § | |
| | § | No. 21, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1708016138 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 31, 2021
Decided: May 6, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, James E. White, filed this appeal from the Superior Court's denial of his motion for sentence modification. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of White's opening brief that his appeal is without merit. We agree and affirm.

(2) On September 17, 2018, White pleaded guilty to possession of a firearm by a person prohibited ("PFBPP") and tampering with evidence. The Superior Court sentenced White as follows: (i) for PFBPP, effective July 26, 2018, fifteen years of Level V incarceration, suspended after six years for two years of Level V Key, to be

suspended after successful completion for one year of Level IV Crest, to be suspended after successful completion for one year of Level III Crest; and (ii) for tampering with evidence, two years of Level V incarceration suspended for one year of Level III probation.[1]

(3) Between January 2020 and May 2020, White filed three unsuccessful motions for sentence modification. In June 2020, the Department of Correction ("DOC") filed a progress report requesting removal of the Level V Key Program from White's sentence because his treatment needs would be better addressed by a different program. On September 10, 2020, the Superior Court modified White's PFBPP sentence to fifteen years of Level V incarceration, suspended after six years and successful completion of a Level V program within DOC discretion, followed by six months of Level IV Work Release or Level IV Home Confinement and one year of Level III probation. On December 10, 2020, White filed a motion for sentence modification, which the Superior Court denied on December 15, 2020.

(4) On December 28, 2020, White filed a motion for sentence review under 11 *Del. C.* § 4221. On January 6, 2021, the Superior Court denied the motion. The Superior Court held that the motion was time-barred, DOC had implemented a protocol for increased screening of inmates for COVID-19 to protect inmates and

---

[1] The original sentencing order did not include the tampering sentence imposed by the Superior Court at the sentencing hearing. On July 27, 2020, the Superior Court corrected the sentencing order to include that sentence.

others, and White had failed to show that he was entitled to relief under § 4221. This appeal followed.

(5) We review the Superior Court's denial of a motion for sentence reduction for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] In his opening brief, White argues that the Superior Court erred in considering his motion under Superior Court Criminal Rule 35(b), instead of under § 4221. He contends that he is entitled to relief under § 4221 because DOC has not implemented sufficient measures against the spread of COVID-19 and he faces a high risk of contracting COVID-19 for a second time. White also claims that this risk implicates the Eighth Amendment and his right to due process under the Fourteenth Amendment.

(6) The Superior Court did not err in denying White's motion. Section 4221 does not apply to White's PFBPP sentence because that statute, among other things, only applies to minimum or mandatory sentences of one year or less and the PFBPP sentence exceeds one year.[4] As to White's constitutional claims, the cases he cites relate to the civil liability of prison officials, not the reduction of prisoners'

---

[2] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[3] *Id.*
[4] 11 *Del. C.* § 4221 ("Notwithstanding any provision of law to the contrary, a court may modify, defer, suspend or reduce a minimum or mandatory sentence of 1 year or less, or a portion thereof, where the court finds by clear and convincing evidence, or by stipulation of the State, that the person to be sentenced suffers from a serious physical illness, injury or infirmity with continuing treatment needs which make incarceration inappropriate and that such person does not constitute a substantial risk to the community.").

3

sentences.[5]  Should White's personal health warrant sentence modification in light of COVID-19, an application by DOC under § 4217 is the proper vehicle for such relief.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the Superior Court's judgment is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[5] *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (U.S. 1994) (holding "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

[6] *Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020) (recognizing that § 4217 was the statutory vehicle for the appellant's claims that his medical conditions and potential exposure to COVID-19 entitled him to sentence modification under Rule 35(b)).